**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **WENDELL PIERRE HENDERSON, #90462-510, PETITIONER,** | § § § § | |
| **V.** | § § | **CIVIL CASE NO. 3:26-CV-2850-K-BK (CRIMINAL NO. 3: 25-CR-227-S)** |
| **WARDEN, JOHNSON COUNTY DETENTION CENTER, RESPONDENT.**[1] | § § § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, the *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241 was referred to the United States magistrate judge for case management, including the entry of findings and a recommended disposition where appropriate. As detailed here, the petition should be summarily **DISMISSED WITHOUT PREJUDICE** as moot.

## I. BACKGROUND

Petitioner Wendell Pierre Henderson is a federal detainee awaiting sentencing in *United States v. Henderson*, No. 3:25-CR-227-S (N.D. Tex.). Henderson was indicted on two counts of

[1] The Clerk of the Court is directed to change the caption to reflect that the Warden of the Johnson County Detention Center is the proper respondent. The proper respondent to a petition under § 2241 is the person who has custody over the petitioner. *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (quoting 28 U.S.C. § 2242). That defect is curable by amendment and is not itself a basis for dismissal. *See Burton v. Brenner*, No. 25-10644, 2026 WL 1662015, at *1 (5th Cir. June 9, 2026) (explaining that the proper respondent in a challenge to present physical confinement generally is the petitioner's immediate custodian, and vacating and remanding to permit a federal pretrial detainee to amend his § 2241 petition to name the proper respondent). However, Petitioner may object to this modification within the 14-day statutory objection period.

false, fictitious, or fraudulent claims (Counts 1, 3), two counts of mail fraud (Counts 2, 4), and twenty-four counts of money laundering (Counts 5-28). Crim. Doc. 20 (*First Superseding Indictment*).

On August 18, 2026, the Court received Henderson's petition for a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 3. Henderson principally alleges that the length of his pretrial detention violates his right to a speedy trial, and he seeks dismissal of his criminal case and immediate release from custody. *Id.* at 5-6, 9. Although Henderson listed the Okmulgee County Jail in Oklahoma as his address on the petition, the envelope in which he mailed it bears a return address at the Johnson County Detention Center in Cleburne, Texas, and a North Texas postmark dated August 13, 2026. *Id.* at 10 (envelope).[2]

Upon review, Henderson is not entitled to relief under § 2241, and his petition should be dismissed.

## II. ANALYSIS

A habeas corpus petition under 28 U.S.C. § 2241 is subject to summary dismissal if it appears from the face of the petition that the petitioner is not entitled to relief. *See Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998) (affirming summary dismissal of § 2241 petition without ordering an answer from respondent); *see also* Rule 4 of the RULES GOVERNING SECTION

---

[2] The Court takes judicial notice of the Johnson County Jail inmate search, which reflects Henderson's continued confinement at the Johnson County Detention Center. *See* Johnson County inmate search at https://jcportal.johnsoncountytx.org/jail/ (last accessed October 2, 2026). Cleburne is in Johnson County, which lies within the Northern District of Texas. *See* 28 U.S.C. § 124(a)(1).

2254 CASES (providing for summary dismissal of a habeas petition).[3]

Article III limits federal courts to the adjudication of actual, ongoing cases and controversies. A case becomes moot when the court can no longer grant the petitioner any effectual relief. *See Salgado v. Fed. Bureau of Prisons*, 220 F. App'x 256, 257 (5th Cir. 2007) (per curiam). Claims for habeas relief based on pretrial detention generally become moot once the petitioner is no longer detained in a pretrial capacity. *See Fassler v. United States*, 858 F.2d 1016, 1018 (5th Cir. 1988); *Yohey v. Collins*, 985 F.2d 222, 228-29 (5th Cir. 1993). And although a pretrial detainee may in appropriate circumstances invoke § 2241 to enforce the right to a prompt trial, § 2241 may not be used to obtain dismissal of the charges based on a speedy-trial defense. *See Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976) (distinguishing between a habeas petitioner seeking to enforce the obligation to bring him promptly to trial and one seeking to abort the prosecution by litigating a speedy-trial defense before trial).

Henderson filed this § 2241 petition while detained pending trial, alleging that the length of his pretrial detention violated his speedy-trial rights. Doc. 3 at 5-6. As relief, he asks this Court to dismiss his criminal case and immediately release him from custody. *Id.* at 9. But on August 28, 2026, Henderson pleaded guilty to Counts 4 and 14 of the Indictment in his criminal case and now awaits sentencing. Crim. Doc. 78; Crim. Doc. 86. Following Henderson's guilty plea, the Court terminated as moot his *Motion to Dismiss for Unconstitutional Delay*, Crim. Doc. 52, which raised the speedy-trial issue underlying this petition. Crim. Doc. 88. Henderson's guilty plea does not transform this § 2241 proceeding into an appropriate vehicle for reviewing

[3] Rule 1(b) of the RULES GOVERNING SECTION 2254 CASES renders the 2254 Rules applicable to habeas petitions not covered by § 2254.

his speedy-trial challenge.[4] *See Poff v. Smith,* No. 20-20647, 2022 WL 414290, at *1 (5th Cir. Feb. 10, 2022) (affirming dismissal as moot of a pretrial detainee's § 2241 petition that raised a speedy-trial violation where the petitioner entered an unconditional guilty plea).

Henderson is no longer detained awaiting the trial whose alleged delay formed the basis of his § 2241 petition, and as such, Court cannot grant the pretrial relief his petition seeks. *See Poff*, 2022 WL 422685, at *1; *Fassler*, 858 F.2d at 1018; *Yohey*, 985 F.2d at 228-29. Henderson's § 2241 petition is therefore moot.

## III. CONCLUSION

For the foregoing reasons, Henderson's petition under 28 U.S.C. § 2241 is moot and should be **DISMISSED WITHOUT PREJUDICE**.

**SO RECOMMENDED** on October 2, 2026.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

[4] To the extent that any such challenge remains available following his guilty plea, Henderson must pursue it through the ordinary avenues available in his criminal proceedings, not through this parallel habeas petition. *See Bowler*, 1995 WL 449713, at *2; *Zuniga*, 2024 WL 138657, at *1.

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).